IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA        )
                                )
            Plaintiff,          )
                                )   No.  04 CR 1074
     v.                         )
                                )
VINCENT HAMILTON,               )   HONORABLE DAVID H. COAR
                                )
            Defendant.          )

**MEMORANDUM OPINION AND ORDER**

In 2005, Vincent Hamilton was convicted by a jury of bank robbery, 18 U.S.C. § 2113(a), and possessing a firearm in furtherance of the robbery, 18 U.S.C. § 924(c)(1)(A).  The following year he was sentenced to 151 months for the robbery followed by 84 months for possessing the firearm.  In calculating the sentence for the robbery, the district court applied an enhancement for abduction, *see* U.S.S.G. § 2B3.1(b)(4)(A), but did not apply an enhancement for using a weapon, *id.* § 2B3.1(b)(2), § 2K2.4.  The judgment was affirmed on appeal.  *United States v. Price*, 516 F.3d 597 (7th Cir. 2008).  Hamilton has now filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2).

Normally, the district court cannot modify a sentence once it has been imposed.  Section 3582(c)(2) creates a limited exception, providing jurisdiction to modify "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008); *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008).  Hamilton contends that Amendment 599 lowered his sentencing range.  That amendment addresses an application note to U.S.S.G. § 2K2.4, clarifying when a defendant sentenced for violating § 924(c) and another statute can

receive a weapons enhancement for using a gun in connection with the other crime. *See United States v. Alcala*, 352 F.3d 1153, 1156 (7th Cir. 2003); *United States v. Howard*, 352 F.3d 332, 338 (7th Cir. 2003).

The motion is groundless. Amendment 599 was effective six years before Hamilton was sentenced, *see* U.S.S.G., Supp. to App. C., p. 67-69, amend. 599 (effective Nov. 1, 2000); *Howard*, 352 F.3d at 334, and it concerns an enhancement Hamilton did not receive. Since the amendment did not subsequently lower Hamilton's sentencing range, § 3582(c)(2) does not supply jurisdiction to modify his sentence. Finally, construing the motion as a petition for habeas corpus under 28 U.S.C. § 2255 would not aid Hamilton; in addition to being untimely it is also successive to his petition in No. 09 C 654, 2010 WL 1656850 (N.D. Ill. Apr. 21, 2010).

Hamilton's motion to modify his term of imprisonment is DISMISSED for lack of jurisdiction.

Enter:
/s/ David H. Coar

_____
David H. Coar
United States District Judge

**Dated:** December 27, 2010